**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                        v.          08-CR-72S(Sr)

**SHAWN MATHEWS,**

      **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

The defendant, Shawn Mathews, is charged in a five-count Indictment with having violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Counts 1-4) and Title 21, United States Code, Section 844(a) (Count 5). Specifically, Counts 1, 2 and 3 relate to conduct that took place on September 13, 2007, September 27, 2007 and November 7, 2007 respectively. Counts 4 and 5 relate to conduct that took place on February 7, 2008. Dkt. #1. Presently pending before this Court is the defendant's omnibus motion for discovery. Dkt. #33.

At the conclusion of the defendant's omnibus motion is a section entitled "Suppression," wherein he seeks the suppression of the "physical and oral evidence obtained from him on or about March 25, 2008, during the execution of a search

warrant for the residence located at 1211 13th Street, Niagara Falls, New York, and occupied by Shawn Mathews." Dkt. #33, ¶ 57. Defendant's motion to suppress further states that according to the inventory, "a pistol and a clip with ammunition were seized during the execution of the warrant." *Id*. at ¶ 60. The defendant argues that because the search warrant did not authorize the seizure of the handgun and ammunition, those items must be suppressed. *Id*. at ¶ 61. Moreover, the defendant asserts that sometime after he was taken into custody but before he was given his *Miranda* warnings, he was questioned by officers and made an inculpatory statement with respect to the ownership of the gun. *Id*. at ¶ 62. Accordingly, the defendant requests that the statement he made to the officers be suppressed. Alternatively, the defendant asks this Court to conduct an evidentiary hearing with respect to the admissibility of the physical evidence seized and the statement made by the defendant. *Id*. at ¶ 64.

In its response to that portion of defendant's omnibus motion which seeks the suppression of physical evidence and the defendant's statement, counsel for the government states,

> We note that at pages 23 and 24 of his omnibus motions, the defendant has moved to suppress the fruits of a March 25, 2008 search of his residence. However, as of the filing of the defendant's motion and this response, no charges have been filed relating to this search, so the defendant's motion to suppress is a [sic] best, premature, and at worst, moot *ab initio*.
>
> ***
>
> As noted by counsel, agents searched the defendant's residence on March 25, 2008. However, as noted above,

> the government, at least at this point, does not intend to use
> any evidence seized during this search, so the defendant's
> motion to suppress is moot as of the filing of this response.

Dkt. #34, pp.2-3 and 10. The Court interprets the statements made by counsel for the government, quoted above, to mean that for purposes of a trial on the present, five-count Indictment, the government does not, in any way, intend to use the gun, the ammunition and the defendant's statement to officers concerning the ownership of the gun. The Court further notes that elsewhere in its response, counsel for the government states that although "full discovery" relating to the current Indictment has been provided to the defendant, "[w]e expect to supercede the indictment in this case. Counsel *has not* been provided discovery with respect to the charges we anticipate adding to the indictment." Dkt. #34, p.3, n.1 (emphasis in original). For purposes of this Report, Recommendation and Order, the Court interprets this to mean that the government has not provided to counsel for the defendant, *inter alia*, the defendant's statement made to the officers with respect to the ownership of the gun.

Based on the representations made by counsel for the government, *to wit*, that the government "does not intend to use any evidence seized during this [March 25, 2008] search, so the defendant's motion to suppress is moot as of the filing of this response" (Dkt. #34, p.10), this Court recommends that the defendant's motion to suppress be denied without prejudice as not yet ripe for judicial review and it is hereby

**ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

    **SO ORDERED.**

DATED:  Buffalo, New York
     September 17, 2009

                  s/ H. Kenneth Schroeder, Jr.
                  **H. KENNETH SCHROEDER, JR.**
                  **United States Magistrate Judge**